IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ONENINE DESIGN, LLC, | ) |
|     Plaintiff, | ) |
| v. | ) NO. 3:25-cv-00831 |
| | ) JUDGE CAMPBELL |
| THE GORDON LAW GROUP, LTD, | ) |
|     Defendant. | ) |

## ORDER

This case is set for a jury trial on September 29, 2026, beginning at 9:00 a.m. in Courtroom 6B, Fred D. Thompson United States Courthouse, 719 Church Street, Nashville, Tennessee. Counsel for the parties shall appear for a Pretrial Conference in this Court on September 21, 2026, at 10:00 a.m. All lawyers who will participate in the trial must attend the pretrial conference. The cost of summoning the jury may be assessed against the parties if a settlement is reached after the Thursday immediately preceding trial.

### Information Exchanged but not Filed

By September 7, 2026, the parties shall exchange copies of exhibits and make available for examination by any opposing party the original of all exhibits. The authenticity of exhibits should be stipulated to if at all possible. By the same date, the parties shall exchange designations of portions of depositions that are to be read into evidence during the trial, in accordance with the procedure set forth in Local Rule of Court 39.01(c)(4). The parties should attempt to agree on additions to the designations necessary to put responses into context.

1

Pretrial Filing Deadlines

Counsel shall file a Joint Proposed Pretrial Order with the Court by September 14, 2026. The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

The parties shall also file with the Court, by September 14, 2026, the following:

(1) joint proposed jury instructions and verdict forms as follows: Counsel shall exchange proposed jury instructions on the **substantive** law of this specific case and proposed verdict forms and confer to reach agreement. Thereafter, counsel shall jointly prepare and file a set of agreed, proposed, case specific **(substantive),** jury instructions and verdict forms. Each proposed jury instruction shall include citations to supporting authorities. Counsel shall separately file any disputed jury instructions or verdict forms. Each counsel shall email a Word version of the jury instructions and proposed verdict forms to chambers at ccampbellchambers@tnmd.uscourts.gov.

(2) witness lists, except for witnesses solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3);

(3) exhibit lists, except for documents solely for impeachment in accordance with Fed.

R. Civ. P. 26(a)(3); and

    (4)    any stipulations.

## Expert Witnesses

Expert witness disclosures shall be made timely, in accordance with Local Rule 39.01(c)(5)(C). The Court follows the procedures regarding the presentation of expert testimony as set forth in Local Rule 39.01(c)(5)(E). A copy of the direct testimony of an expert witness, other than a treating physician, must be reduced to writing and filed and served upon opposing counsel no later than August 31, 2026.

The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to make or supplement expert witness disclosures and for failure file the direct testimony of an expert witness by the stated deadline.

## Motions in Limine and Objections to Experts

By September 7, 2026, the parties shall file any motions in limine and any motions objecting to expert testimony. All such motions shall comply with Local Rule 7.01(a)(1). Any responses to such motions shall be filed by September 14, 2026.

## Discovery

Supplemental responses to interrogatories, requests for production and requests for admissions shall be made timely in accordance with Federal Rule of Civil Procedure 26(e) and Local Rule 39.01(e). Objections to the use of a deposition at trial shall be made timely in accordance with Local Rule 39.01(c)(4). The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to make or supplement expert witness disclosures or discovery responses.

<u>Pretrial Conference</u>

Counsel shall be prepared, at the Pretrial Conference, to:

(1) identify and discuss undisputed facts and issues;

(2) discuss the status of discovery;

(3) preview proposed testimony;

(4) discuss expert testimony;

(5) preview proposed exhibits;

(6) discuss motions in limine;

(7) discuss proposed jury instructions and verdict forms;

(8) discuss settlement; and

(9) discuss pretrial briefs.

All pretrial requirements and deadlines set forth in the Local Rules of Court remain in effect unless specifically addressed above.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4